UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN K. JOHNSON,

            Plaintiffs,

     v.

PRITZ NAVARATNASINGAM, *et al.*,

            Defendants.

Cause No. C21-1215RSL

ORDER REQUIRING A MORE
DEFINITE STATEMENT

On November 13, 2021, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint lists five defendants, all of whom appear to be federal employees. Plaintiff asserts that one or more of the defendants violated his Fourteenth Amendment rights to fundamental fairness, equal protection, due process, and the pursuit of happiness and his Eight Amendment right to be free of cruel and unusual punishment. Assuming for purposes of this Order that there is an implied private action for damages against officers who violate the specified constitutional rights under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971),[1] plaintiff has not alleged any facts in support of the bare assertion of one or more constitutional violations. In response to a prompt seeking the facts

---

[1] *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001) (noting that the Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishments Clause of the Eighth Amendment but has "consistently refused to extend *Bivens* liability to any new context or new category of defendants").

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

underlying his claim, including what happened to him and who was involved, plaintiff states only that "I've explained on attached sheet." Dkt. # 4 at 6. The only attachments are medical and administrative records from the Department of Veterans Affairs. Dkt. # 4 at 9-21.

The Court, having reviewed the complaint as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. Plaintiff makes no effort to explain what happened to him or what role any of the named defendants played in the events about which he complains. Defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, a *Bivens* claim. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but he has failed to allege sufficient facts to raise a plausible inference that any of them could be held liable in this action. Plaintiff is hereby ORDERED to file on or before October 13, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that each defendant has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, October 15, 2021.

Dated this 14th day of September, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3