UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN K. JOHNSON,

        Plaintiff,

    v.

PRITZ NAVARATNASINGAM, *et al.*,

        Defendants.

Cause No. C21-1215RSL

ORDER OF DISMISSAL

On September 13, 2021, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint did not allege any facts that could support a claim that one or more of the named defendants violated his Fourteenth or Eighth Amendment rights, and the Court directed plaintiff to file an amended complaint that "clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights." Dkt. # 6 at 3. Plaintiff was notified that the amended complaint would replace the existing complaint in its entirety and that failure to assert a plausible claim for relief would result in dismissal of this action.

Plaintiff filed a "Statement of Fact to Case." The Statement identifies the defendants as "V.A. Regional Ofc., *et al.*," and "V.A. Hospital, *et al*." Dkt. # 7. When the documents that were attached to the original complaint are considered in conjunction with the Statement, it appears that plaintiff is unhappy with the way the Department of Veterans Affairs has responded to an

ORDER OF DISMISSAL - 1

April 1, 2015, agency decision that plaintiff's discharge from the military "under other than honorable conditions does not constitute a bar to VA benefits." Dkt. 4 at 15. He asserts that the order granted him back pay for all service-connected disabilities, including "neck, knees, back, hearing loss, PTSD, Meso." Dkt. # 7 at 2. Plaintiff alleges that the regional V.A. Hospital and Office have engaged in a pattern and practice of discrimination, intimidation, and retaliation to ensure that he does not get the benefits to which he is entitled, in violation of his rights to due process and equal protection. He also alleges that:

- he got Mike Kwaiter (who was named as a defendant in the original complaint) fired from the V.A. for discrimination;

- an award letter he received in February 2020 was immediately denied;

- the V.A. has failed to provide appropriate appeals/reviews;

- he was misdiagnosed;

- Drs. Brown and Vanderwalker (who were named as defendants in the original complaint) have refused to provide medical care and/or blocked him from getting into an in-patient program for over a year; and

- Calvin Colbert chooses who gets into a work therapy program.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient. The United States Code governing the award of veteran's benefits prevents the Court from exercising jurisdiction over plaintiff's claims. Title 38, section 511 provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.... [T]he decision of the

ORDER OF DISMISSAL - 2

Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

"Other provisions of the Act demarcate the path to appellate review of secretarial benefits decisions: claimants may first appeal to the Board of Veterans' Appeals, *id.* § 7104(a), then to the Court of Appeals for Veterans' Claims, *id.* § 7252(a), to the Federal Circuit, *id.* § 7292(c), and ultimately to the Supreme Court, *id.*" *Thomas v. Principi*, 394 F.3d 970, 973-74 (D.C. Cir. 2005). *See also Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025-28 (9th Cir. 2012) (noting that § 511 deprives courts of jurisdiction to consider a veteran's claim that the VA unreasonably delayed care in violation of statutory requirements and the Due Process Clause); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1370 (8th Cir. 1992) ("These provisions amply evince Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme."). Because plaintiff's claims would require that the Court evaluate his situation and requests for treatment to determine whether the VA handled those requests properly, the Court lacks jurisdiction to hear the claims.

For all of the foregoing reasons, plaintiff's claims are hereby DISMISSED.

Dated this 19th day of October, 2021.

                                 Robert S. Lasnik
                                 United States District Judge

ORDER OF DISMISSAL - 3